By the Court.
In Kyle v. The Commissioners of Greene County, 26 Ohio St. 46, in giving construction to the stattites then in force, relating to the fees of sheriffs, this court held that for services rendered by that officer in serving and returning subpenas for witnesses to testify before a grand jury, he was not entitled to any compensation except as allowed under, and subject to the limitation in the act of 1867 (S. & S. 366, § 14). The ground of that decision was that such services were not then “ particularly provided for,” within the meaning of that act, and hence could only be paid for in accordance with that act, under which the payment of fees there provided for could not exceed three hundred dollars.
The act of 1876 (73 Ohio L. 127), by which the statutes referred to in that case were repealed, contains these provisions :
“Sec. 11. That the fees and compensation of sheriffs shall be as follows : .... For serving and returning-a subpen a for each person named therein to appear before the grand jury, twelve and a half cents, to be paid by the •county upon the certificate of the clerk.
“ Seo. 12. That the court of common pleas in each county, shall make an allowance of not more than three hundred dollars per annum for the sheriff, for services where the state fails to convict, or the defendants prove insolvent, and for other services not particularly provided for, to be paid in the manner pointed out in the act to which this is supplementary.”
We think the legislature, by the words quoted from sec *212 tion 11, intended to change the law in force when Kyle v. Commissioners was decided, as to compensation for serving such subpenas. The sheriff, under the act of 1876, is to be paid for that particular service out of the county treasury, without regard to the provisions of section 12, which have no application to such a case.

Peremptory mandamus awarded.